(163 App. Div. 469)

CURTIS v. DUNKIRK SAVINGS & LOAN ASS'N et al. (No. 284–73½.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

1. JUDGMENT (§ 509*) — COLLATERAL ATTACK — MISCONDUCT OF PARTY AND COUNSEL.

Though the referee and the mortgagee's attorney occupied such relations to each other that the referee was disqualified, the mortgagor cannot, while retaining the surplus arising from the sale of the mortgaged premises under foreclosure, recover back in an independent action the costs expended and the fees paid the referee and the mortgagee's attorney,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for that would permit a collateral attack upon a judgment, and so the mortgagor's only remedy is to apply to the court which heard the action for foreclosure for an order disciplining the attorney and the referee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 951, 952; Dec. Dig. § 509.*]

2. Mortgages (§ 495*)—Foreclosure—Judgment—Vacation—What Constitutes.

That the mortgagor, in an action only against a purchaser at foreclosure sale, recovered, under a stipulation that the recovery should be limited to money damages, a substantial sum, on the ground that the purchaser was guilty of fraud in conspiring to prevent competition in bidding, does not vacate the judgment of foreclosure, in so far as it entitled the referee and the attorney of the mortgagee to their fees and disbursements.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1446–1456; Dec. Dig. § 495.*]

Appeal from Special Term, Chautauqua County.

Action by William B. Curtis, as trustee in bankruptcy of Joseph Kuhn, a bankrupt, against the Dunkirk Savings & Loan Association and others. From the judgment, plaintiff appeals and defendants cross-appeal. Reversed, and plaintiff's complaint dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Warner & Woodin, of Dunkirk (Glenn W. Woodin, of Dunkirk, of counsel), for plaintiff.

John L. Hurlbert, of Dunkirk (Arthur C. Wade, of Jamestown, of counsel), for defendants.

FOOTE, J. Plaintiff's appeal is from the award in his favor of only $10 costs. He claims to be entitled to a full bill of costs. Otherwise, plaintiff is satisfied with the judgment. The damages awarded to plaintiff are $133.82 and interest thereon. This sum is made up of $10, referee's fees, paid to the defendant Hurlbert as his fee for acting as referee to compute the amount due the plaintiff in a mortgage foreclosure action, and $59.75 paid to the same defendant as his fee of $50 and $9.75, his expenses, as referee under the judgment in said foreclosure action for selling the mortgaged premises. The remainder of the recovery represents the taxable costs and disbursements paid to the defendant Bookstaver, plaintiff's attorney in said foreclosure action, being the costs accruing subsequent to the order of reference to compute the amount due. The total of the plaintiff's costs as taxed paid to said Bookstaver was $130.14. Said mortgage foreclosure action was brought in the County Court of Chautauqua County against plaintiff's predecessor as trustee in bankruptcy of Joseph Kuhn and other defendants by the defendant the Dunkirk Savings & Loan Association to foreclose a mortgage of $2,500 made by said Kuhn to said loan association. All the defendants made default in pleading, and the action proceeded to judgment, and the mortgaged premises were sold thereunder, realizing a surplus above the mortgage debt. Plaintiff has recovered against all the defendants for the amount of the referee's fees and taxable costs stated, on the ground that the relations

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

between the referee and the plaintiff's attorney were of such a character that the referee was disqualified to act as such. This disqualification arises out of the fact that the referee had before his appointment as such to compute the amount due, at the request of plaintiff's attorney, prepared the complaint and other papers in the action, and served the summons and complaint upon some of the defendants.

[1] The costs and referee's fees which plaintiff has here recovered against all the defendants were awarded and directed to be paid to the plaintiff and the referee respectively by the judgment of the County. Court. That judgment still remains in full force as between the parties in that action and as to these defendants, and no application has been made to the County Court to modify the same or to compel the defendants here to restore said costs and referee's fees. Plaintiff was not aware of the facts disqualifying said referee until after the complete execution of said foreclosure judgment and the payment to plaintiff of the surplus moneys arising therefrom or plaintiff's share thereof.

Thus we have the question as to whether, under the circumstances stated, plaintiff, representing the estate of the bankrupt mortgagor, may maintain an independent action in this court to recover the costs and fees awarded by the judgment of the County Court.

It is not alleged or found that the estate which plaintiff represents suffered any pecuniary loss because of any act of the attorney or referee in said foreclosure action; nor is it claimed that the costs and referee's fees paid were any greater than would have been paid from the proceeds of the sale of the mortgaged lands, if another referee had acted or the referee had not been so disqualified. The expense incurred of costs and referee's fees was the usual and ordinary expense in such cases. The costs and disbursements were the amounts fixed by law where costs are allowed, and no discretionary extra allowance was included, and the fees of the referee were those fixed by statute and were not discretionary with the court. It is not claimed that the referee did not discharge his duty properly and correctly in computing the amount due or in conducting the sale. Plaintiff has no cause of action on account of any actual loss sustained because of the misconduct of the defendants or any of them.

Had the judgment of the County Court and the sale thereunder been set aside on account of the misconduct of plaintiff's attorney and the disqualification of the referee, no doubt the attorney, or his client, if the client had received the money, could be compelled to restore the costs awarded by that judgment and the referee the fees which he had received, and resort to an action in another court would not be necessary or proper; for the power could be exercised in a summary way by the court which rendered the judgment and subsequently vacated it. But where, as here, plaintiff does not complain of being injured by the judgment or sale and does not seek to have either set aside and retains the benefit of the sale in the form of the surplus money, it would seem that plaintiff has no other remedy than to apply to the court which rendered the judgment to exercise its disciplinary power over the attorney and the referee, who were officers of that court. If that court should determine, under the circumstances, that neither the attorney

nor the referee should be allowed to retain these costs and fees, it can compel them to refund the same, or it may take such other action as may be considered proper under the circumstances, and, upon the money being refunded, it may order the money to be paid to the plaintiff as having a better right to it than any one else. We need not deny the power of one court to discipline attorneys and referees for misconduct while acting as such in another court, where they are officers of both courts. Under ordinary circumstances, parties who feel aggrieved by misconduct of attorneys and referees calling for disciplinary action should present the case to the court in which the misconduct is alleged to have occurred.

We are also of opinion that, so long as the judgment of the County Court stands and remains in force, plaintiff may not recover these costs and fees because of the misconduct of the attorney and referee, or the disqualification of the referee. That judgment may be voidable because of the disqualification of the referee, but it is not void. So long as it remains in force it cannot be attacked collaterally, as is attempted here. Crouse v. McVickar, 207 N. Y. 213, 100 N. E. 697, 45 L. R. A. (N. S.) 1159.

[2] After the foreclosure sale, plaintiff brought an action against the purchaser and another, to whom the purchaser had assigned a one-half interest, to set aside the sale and the deed thereunder on account of the fraudulent conduct of the purchaser and his associate at the sale in conniving and conspiring with other intending bidders to prevent competition in bidding. The relief demanded was that the sale be set aside and that plaintiff recover the sum of $1,213.99, being the amount for which these purchasers had resold the property in excess of the amount they bid for it at the sale. In the course of the trial of that case, a stipulation was entered into between the parties to the effect that, if the case was decided in favor of the plaintiff on the merits, the court should not direct the sale to be set aside, but that the sale should stand and judgment should be directed in favor of the plaintiff for the $1,213.99, the profits which the defendants had made on resale of the property, and that plaintiff should execute to the purchasers, or their assigns, a quitclaim deed of the property. Plaintiff did recover in that case a money judgment in accordance with the stipulation, and, in addition, it was adjudged that the sale was illegal, fraudulent, and void; that the resale by the purchaser was also invalid; that a money judgment be had in lieu of a rescission of the sale in accordance with the stipulations of the parties; and that, on satisfaction of the judgment, plaintiff execute a quitclaim deed. Findings of fact were made in that case as to the misconduct of plaintiff's attorney and the referee and the disqualification of the referee, such as have been found in the present case, though there were no allegations of such misconduct in the complaint. From the judgment in that case, an appeal was taken to this court by the defendants there, and the judgment was affirmed here. It is now urged that by affirming that judgment this court has, in effect, held that the judgment of the County Court may be attacked collaterally as in this action and that that judgment is void. The defendants here were not parties to that action, and the judgment there determines

nothing as to them. The fraudulent conduct of the defendants in that case which prevented competition in bidding entitled the plaintiff to have the sale set aside on that ground alone, and the stipulation of the parties required the court, in place of setting aside the sale, to render the money judgment which it did. The judgment was affirmed here because there was no error in it which prejudiced the defendants in that case.

Thus, again, plaintiff has elected to take the benefit of the services of the referee in making that sale and the attorney who foreclosed the mortgage. He has not only ratified the sale, but has recovered, on account thereof, over $1,200. We see no reason in equity and good conscience why plaintiff should have the benefit of this foreclosure sale liquidating the asset for the estate he represents without the usual and ordinary expense thereof. Hence, as it seems to us, if these attorneys should be disciplined for misconduct, such discipline should not be administered for the purpose of paying money to the plaintiff to which the plaintiff would not otherwise be entitled.

Our conclusion is that the judgment appealed from should be reversed, with costs, and the plaintiff's complaint dismissed, with costs. All concur.