ANNA BERGER, as Administratrix, etc., of LOUIS BERGER, Deceased, Plaintiff, *v.* ALEX LASOT, Also Known as ALEXANDER LASOT, and Others, Defendants.

Supreme Court, Special Term, New York County, October 22, 1936.

*Harry Sacher*, for the plaintiff.

*Daniel Handler*, for the defendants.

McLaughlin (Charles B.), J. This motion is made under rule 109 of the Rules of Civil Practice to strike out defenses contained in an answer as insufficient in law. The pertinent allegations of the complaint are as follows:

That originally an action was commenced in the City Court against the defendant Alex Lasot, that action being upon a note; that while said action was pending and before judgment, Alex Lasot fraudulently transferred certain assets to a corporation formed for that express purpose, and that in this corporation his wife was made the chief stockholder. The judgment creditor now brings an action under article 10 of the Debtor and Creditor Law to set aside the transfer of assets to the corporation mentioned as fraudulent. This action is defended by Lasot, the corporation and Lasot's wife. These defendants in their answer jointly allege that the note which was the basis of the City Court action never had any legal existence; that it was, in fact, a forgery and that no consideration supported the transfer of said note. The defendants allege also, for a further, separate and distinct defense that the judgment procured in the City Court action was " procured without the knowledge of the defendant Alex Lasot and without the knowledge of the defendant Mary Lasot." The plaintiff in this action, who is the administratrix of the plaintiff in the City Court action, now moves to strike out the defenses containing these allegations.

This motion must be granted. A judgment rendered in one action by a court of competent jurisdiction is binding and conclusive in another action until reversed on appeal or set aside. (*Crouse* v. *McVickar*, 207 N. Y. 213.) And this is so even though the judgment under attack may have been pronounced upon insufficient or illegal evidence, as is the defendants' contention here. (*Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340, 372; *Bloomer* v. *Sturges*, 58 id. 168, 174.) These statements apply, of course, to collateral attacks upon a judgment, for it is a collateral attack upon the City Court judgment which the defendants herein seek to make. It is not claimed that the City Court had no jurisdiction of the person of Alex Lasot or of the subject-matter of the action decided by that court. Such contentions would be competent to support a collateral attack upon a judgment. But the defenses of forgery and lack of consideration contained in the second paragraph of defendants' answer are defenses which do not rise *dehors* the cause of action in which the judgment in question was rendered, and could have been litigated in the previous action. It is not open to serious question that the City Court judgment is valid and binding as to the defendant Alex Lasot. The case of *Storm* v. *Waddell* (2 Sandf. Ch. 494) is decisive upon this point. In that case it was held that in a creditor's action the debtor could not set up " any defence to the original demand on which the judgment was recovered, nor any irregularity in its entry or in the execution." The same or similar reasons which operate to perpetuate the validity of a judgment as to the parties originally bound thereby also operate to perpetuate its efficiency as to new parties to subsequent actions. Such new parties may not attack a judgment collaterally. (*Collins* v. *Burr*, 209 App. Div. 116.) It is the policy of the law to protect a judgment against collateral attack not only from one of the original parties thereto but from the whole world.

The second defense is also insufficient in law. That defense, as heretofore stated, consists of the allegation that the City Court judgment was procured without the knowledge of two of the defendants. This defense will not support defendants' attack upon the prior judgment as it does not detract from its validity in any way.

The allegation of insolvency in paragraph fourteenth of the complaint constitutes a sufficient pleading. Insolvency is a pleadable fact. (*Campbell* v. *Heiland*, 55 App. Div. 95.)

Motion granted.