In the Matter of Supplementary Proceedings: LUKE F. RYAN, Assignee of INA K. EDGERTON, Judgment Creditor, Plaintiff, *v.* CHARLES W. EDGERTON, Judgment Debtor, Defendant.

Supreme Court, Special Term, New York County, October 14, 1941.

*Hartsell & Callahan,* for the judgment creditor.

*William J. Zsarago,* for the judgment debtor.

*Charles T. Russell,* for the New York Telephone Company, third party.

*White & Case,* for the Bankers Trust Company, as trustee for the New York Telephone Company, third party.

SCHMUCK, J. Having obtained an order out of the Supreme Court, Nassau county, pursuant to section 793 of the Civil Practice Act, requiring the judgment debtor to pay forty dollars monthly till the judgment is liquidated, the judgment creditor now appeals to this court to exercise the authority vested by article 45 of the

Civil Practice Act, particularly section 794, and compel the third party to pay the said monthly installment out of the pension due the judgment debtor.

The third party, acting as trustee for the telephone company, controls funds wholly supplied by the telephone company and of which the judgment debtor is one of the beneficiaries. For reasons of its own, which the court appreciates, the third party rejects the judgment creditor's right to force it to comply with the order directing the judgment debtor to make the aforesaid monthly payments.

It is, therefore, necessary for this court to determine as a matter of law whether a trustee of a fund of the nature of the one herein can be brought within the purview of section 794 of the Civil Practice Act. There is no doubt that the judgment debtor had an absolute and indefeasible right to this pension. It is equally true that as a matter of law until September 1, 1941, property and assets of this character could not be reached by a judgment creditor by reason of the provisions of article 45. (*Matter of Kaplan* v. *Peyser*, 273 N. Y. 147.) Since September 1, 1941, by virtue of chapter 694 of the Laws of 1941, amending section 792 of the Civil Practice Act, income from a trust created by another — which is this case — " shall be subject to application on the judgment to the extent and in the manner provided in section seven hundred ninety-three of this act."

This application forcibly brings to mind the duty of the court to give force and effect to its edicts and to interpret the statute favorably to this purpose. In consequence the court cannot agree with the contentions of the third party nor accept the application of the authority cited to this matter so as to limit the legislative intent in the use of the word " indebtedness." No matter how attractive the argument, it would seem that the amendment of the law (Laws of 1941, chap. 694) has removed the subject from debate and makes the opposition of the third party unreasonable.

There is no question that the order made by virtue of section 793 of the Civil Practice Act requiring the judgment debtor to make monthly payments is the law of the case and cannot be attacked collaterally. It does not lie in the mouth of a third party to assert that the court acted upon insufficient and illegal grounds. (*Berger* v. *Lasot*, 160 Misc. 938.) Concluding, therefore, that the order of August 10, 1941, is to be protected against collateral attack, not only from the original parties but also from the whole world, it follows that the significant provision of section 792 of the Civil Practice Act, as amended by chapter 694 of the Laws of 1941,

reading " that any income from such trust or trust fund shall be subject to application on the judgment to the extent and in the manner provided in section seven hundred and ninety-three of this act," means that this application made on September 11, 1941, conversely presents an instance coming within the effect and influence of section 794 of the Civil Practice Act.

Motion granted. Settle order.