## GRIFFITH v. BANK OF NEW YORK.

District Court, S. D. New York.

April 29, 1944.

Adhered to on Rehearing May 20, 1944.

Josephine E. Kestler, of New York City, for plaintiff.

Emmet, Marvin & Martin, of New York City, for defendant.

CAFFEY, District Judge.

The defendant moves to dismiss the complaint. The plaintiff was the co-beneficiary and co-remainderman of a testamentary trust of which the defendant was the trustee.

The complaint seeks a money recovery from the trustee for breach of trust duties. There had been a judgment in the Supreme Court, New York-County, settling the account of the trustee and releasing it from further liability. This was entered pursuant to a stipulation between the beneficiaries and the defendant (complaint, paragraphs 4, 5 and 6). The settlement agreement has been carried out (complaint, paragraph 8.) It is further alleged that the settlement agreement and the consent to the entry of judgment were obtained by duress (complaint, paragraph 12) and that the plaintiff has been damaged because of the duress imposed upon her by the defendant

(complaint, paragraph 13).

The defendant has raised the question of the propriety of electing to affirm a contract entered into under duress and then suing to recover damages because of the duress; but determination of that issue does not seem to me necessary.

Before the present action (hereinafter called the second action) was commenced in this court, as appears by the complaint herein there had been adjudication of an action in the Supreme Court of New York, New York County, between the parties hereto (hereinafter called the first action). In the first action the judgment settled the account between those parties, which is the same account that is mentioned in the complaint herein. The State court had jurisdiction of the parties and of the subject matter involved in the first action. Whether the judgment in the first action was correct or incorrect is not for this court to decide. So long as it stands unreversed or is not set aside, that judgment is conclusive on the parties. Crouse v. McVickar, 207 N.Y. 213, 217–219, 100 N.E. 697, 45 L.R.A.,N.S., 1159.

Under her theory of ratifying the settlement agreement and thereby ratifying the judgment, the plaintiff does not attack the judgment directly. Nevertheless, in the second action she is attacking the judgment collaterally. While it is true that a judgment may be set aside under certain conditions, that can only be done in an action brought for that purpose. Crouse v. McVickar, supra, 207 N.Y. at page 218, 100 N.E. 697, 45 L.R.A.,N.S., 1159.

The general rule is that a judgment cannot be attacked collaterally and that if one of the parties seeks relief from it, such relief should be sought in the original action. Crouse v. McVickar, supra, 207 N.Y. at page 219, 100 N.E. 697, 45 L.R.A.,N.S., 1159. See also Curtis v. Dunkirk Savings & Loan Association, 163 App.Div. 469, 473, 148 N.Y.S. 860, and Berger v. Lasot, 160 Misc. 938, 940, 290 N.Y.S. 1005.

The plaintiff in this case first brought a proceeding in the Surrogates Court, New York County, in which she petitioned for the filing of a compulsory account. That proceeding was dismissed upon the ground that the judgment in the Supreme Court was conclusive and could not be collaterally attacked. In re Estate of Morison, —— Misc. ——, 53 N.Y.S.2d 696.

I have examined the decisions on which counsel for the plaintiff chiefly relies for support of his contention for the contrary to the conclusion I have adopted. I think they are distinguishable; but even if not, I regard Crouse v. McVickar and the opinion of Surrogate Foley in the Morison Estate case as stating the better view and I shall, therefore, follow it.

For the reasons heretofore stated I feel that the motion should be granted. Settle order on two days' notice.