BERNARD M. PHELAN, Plaintiff, *v.* CARSTENS, LINNEKIN & WILSON et al., Defendants.

Municipal Court of the City of New York, Borough of Manhattan, May 1, 1946.

*Moses M. Cohen* for plaintiff.

*Bernard Levy* for defendants.

Di Pirro, J.  Plaintiff brings this action against the defendants to recover overtime compensation and liquidated damages in the sum of $686.40 together with a counsel fee in the sum of $250 pursuant to the provisions of the Federal Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*).

There is no dispute concerning the material facts.  It appears therefrom that the defendant Bradbury Building Corporation was the owner and the defendant Carstens, Linnekin & Wilson, the managing agent of premises 142 Fifth Avenue and 3 West 19th Street, Manhattan, New York, where the plaintiff was employed by the defendant as a building superintendent for the period commencing October 24, 1938, up to and including September 27, 1942.

The parties have, by stipulation, agreed that the majority of the tenants in the named premises were manufacturers engaged in interstate commerce; that the plaintiff worked 1,254 hours overtime from October 24, 1938, to September 27, 1942, and 1,078 hours overtime for the period commencing August 20, 1939, until September 27, 1942.

Further, that heretofore and sometime in November, 1943, the plaintiff had instituted suit against the defendant Bradbury Building Corporation in the United States District Court for the Southern District of New York as a result of which a stipulation had been entered into wherein and by the terms of which a judgment by consent was entered in favor of the plaintiff and against the defendant Bradbury Building Corporation in the sum of $700 and judgment rendered in favor of defendant dismissing plaintiff's complaint on the merits. The sum of $700 was paid to the plaintiff who executed a general release running only to Bradbury Building Corporation.

The issues involved upon this trial narrow themselves down to: (1) That the Federal action was *res judicata* of the subject matter of this action; (2) that plaintiff had executed and delivered a general release of the claim in dispute; (3) that plaintiff was an exempt employee pursuant to the provisions of clause (1) of subdivision (a) of section 13 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 213, subd. [a], cl. [1]); and (4) that plaintiff's claim for the period between October 24, 1938, and August 20, 1939, was barred by the Statute of Limitations.

Taking up these issues, we find that a release of a claim under the Fair Labor Standards Act has been held to be invalid unless payment is made in full of the entire overtime period together with liquidated damages. In order to interpose a defense of release of such a claim the United States Supreme Court has held that there must be a genuine dispute concerning the facts at issue in consideration for the delivery of a release and the payment of the consideration set forth therein. These propositions are no longer subject to any judicial doubt. (*O'Neil* v. *Brooklyn Sav. Bank*, 293 N. Y. 666, affd. *sub nom. Brooklyn Bank* v. *O'Neil*, 324 U. S. 697; *Dize* v. *Maddrix*, 324 U. S. 697; *Rigopoulos* v. *Kervan*, 140 F. 2d 506; *Fleming* v. *Post*, 146 F. 2d 441; *Gangi* v. *D. A. Schulte*, 150 F. 2d 694, affd. *sub nom. D. A. Schulte* v. *Gangi*, 328 U. S. 108; *Asselta* v. *149 Madison Avenue Corp.*, U. S. District Ct., So. Dist. of N. Y., decided Dec. 30, 1945, 10 C. C. H. Labor Cases No. 62,907.)

It thus appears that when this plaintiff instituted suit in the Federal court, there was no dispute concerning the number of overtime hours that the plaintiff had worked, namely 1,262, so that under the rulings of the cases heretofore cited, plaintiff became entitled to the sum of $1,312.48 together with a reasonable counsel fee.

This sum is arrived at by multiplying the total number of hours worked (1,262) by half the plaintiff's regular hourly rate of wages, amounting to the sum of 52¢, thus making a total of $656.24, which in addition to the liquidated damages of an equal amount, makes a total sum of $1,312.48. Granting the defendant credit for the sum of $700 paid to the plaintiff as the consideration for the execution and delivery of the general release, there is now due to plaintiff the sum of $612.48 together with a reasonable counsel fee.

The defendant on the other hand, urges that the plaintiff's judgment in the Federal court action bars this action as the judgment so rendered is binding and conclusive, citing *Crouse* v. *McVickar* (207 N. Y. 213) and *Berger* v. *Lasot* (160 Misc. 938).

However, this court finds and holds that notwithstanding the fact that payment was made in the form of an ambiguous judgment, which is concededly less than the full amount that is due and owing to the plaintiff, such judgment does not operate as a satisfaction and discharge, and does not release the defendant from the payment of a statutory obligation which is concededly due to the plaintiff. (*O'Neil* v. *Brooklyn Sav. Bank*, 293 N. Y. 666, affd. *sub nom. Brooklyn Bank* v. *O'Neil*, 324 U. S. 697, *supra.*)

To uphold the defense of *res judicata* would constitute a judicial sanction of an evasion of the terms of the Fair Labor Standards Act. Concededly, there was no trial in the Federal court action. None of the figures were submitted to that court. There was no litigation of the issues involved in that action. The stipulation of settlement received in evidence, specifically recites that the $700 is paid in full satisfaction for all services, claims, liquidated damages, attorneys' fees, costs, interest and compensation under the act and in addition, dismisses plaintiff's complaint upon the merits.

There is nothing in this record which would indicate in any way whatsoever that the Federal court had knowledge of the number of hours that the plaintiff worked overtime or what amounts were concededly due to the plaintiff. In fact, the stipulation upon which the judgment was entered specifically provides that the defendant is entitled to judgment dismissing the plaintiff's complaint upon the merits. There is therefore ample basis for the institution of this action on the part of the plaintiff for the cause of action for liquidated damages in view of the plaintiff's contention that the $700 represents the overtime compensation which was concededly due to him. The

defense of *res judicata* interposed by the defendant is therefore not applicable to the facts involved herein and this defense must, accordingly, be dismissed.

The claim made by the defendant Carstens, Linnekin & Wilson that the satisfaction of the Federal court judgment and the execution and delivery of a release by this plaintiff to the defendant Bradbury Building Corporation likewise discharges Carstens, Linnekin & Wilson by reason of the fact that the claim against Carstens, Linnekin & Wilson is a "derivative one" has no application. That portion of section 232 of the Debtor and Creditor Law which recites that "A judgment against one or more of several obligors * * * shall not discharge a co-obligor who was not a party to the proceeding wherein the judgment was rendered" is applicable to this case. The court, however, has already ruled upon the main defense of the defendant Bradbury Building Corporation and this additional defense interposed by Carstens, Linnekin & Wilson is purely academic in view of the ruling heretofore made.

This court finds from all of the facts adduced upon the trial of this action that the plaintiff was not that type of an employee that is exempt under clause (1) of subdivision (a) of section 13 of the Act. It appears from this testimony that the plaintiff devoted more than 90% of his time to manual labor of the same type and nature as that of some of the men who worked under his orders. This ruling is in line with the reasoning adopted by my colleague, Mr. Justice GARRISON, in the case of *Boyd* v. *Groton Realty Corp.*, not officially reported, under date of January 17, 1946. (See, also, *Schmidt* v. *Emigrant Industrial Sav. Bank*, 148 F. 2d 294; *Krunz* v. *Emigrant Industrial Sav. Bank*, 43 N. Y. S. 2d 204.)

Coming then to the last contention of the defendant, that the plaintiff's claim for the period from October 24, 1938, to August 20, 1939, is barred by the Statute of Limitations, we find that the statute (Civ. Prac. Act, § 48) is not applicable to the facts involved in this action.

The very fact that the defendant concededly made a payment of $700 is sufficient to take this case out of the Statute of Limitations. This fact becomes self-evident when we ascertain that in 1942 there was due to the plaintiff from the defendants the full sum of $656.24 representing overtime wages plus an additional $656.24 as liquidated damages, making a total sum of $1,312.48. So that when the defendants made a payment of $700 in 1944 they acknowledged the obligation due to the plaintiff in the total of $1,312.48, together with a reasonable counsel

fee and the Statute of Limitations thus did not begin to run until this payment was made in 1944. Nothwithstanding the fact that this sum of $700 was made in the nature of a satisfaction of the Federal court judgment, there is no question that this judgment actually represented a sum which is less than the full amount that was actually due to the plaintiff. It follows that this payment of $700 is an acknowledgment of the debt due to the plaintiff as the stipulation entered into between the parties in the Federal court action is sufficient to satisfy the requirements of section 59 of the Civil Practice Act. (*Gonzales* v. *Tuttman*, 59 F. Supp. 858.)

Counsel in this case have submitted to the court exceptionally able and thorough briefs. It is obvious that the attorneys representing the respective parties have given this matter a great deal of time and thought. The briefs submitted are exhaustive and cover in minute detail the matters under discussion. I feel, therefore, that the attorney for the plaintiff is entitled to a reasonable counsel fee in the sum of $150 pursuant to section 16 of the Act. (U. S. Code, tit. 29, § 216.)

I, therefore, find that plaintiff is entitled to judgment against the defendants in the sum of $612.48 together with a reasonable counsel fee in the sum of $150, and I order judgment accordingly. Five days' stay.