CHARLES E. CROUSE, Appellant, *v.* DOROTHEA E. McVICKAR et al., Respondents.

Judgment — when judgment in one action is conclusive in another until reversed on appeal or set aside — effect of judgment by default or on stipulation — action to set aside judgment, rendered on stipulation in another action, on ground that stipulation was obtained by fraud — such action cannot be maintained — relief must be sought in original action.

1. Where there is a judgment rendered in one action which it is sought to attack in another action, and where the court whose decree is assailed had jurisdiction of the subject-matter of the first action, and of the parties thereto and jurisdiction to render a judgment, it matters not whether that judgment was right or wrong. Until reversed on appeal or set aside it is conclusive.

2. A judgment by default is as conclusive as any other judgment, and when rendered on the express stipulation of the parties is of no less effect than one rendered on the failure of a party to appear. Parties may by their stipulation make the law of the case which the courts may and at times are bound to enforce.

3. A judgment can be set aside for fraud by an action brought for that purpose, but the fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the action.

4. Plaintiff brings this action to set aside a judgment rendered in the Supreme Court on his stipulation. The complaint charges that the claim on behalf of the party in whose favor the judgment was so stipulated was not only false but fraudulent and made in bad faith, and that it was intended to support it by the perjury of certain witnesses who had been suborned for the purpose. That plaintiff did not know at the time and had no means of knowing that the claim was fraudulent, but supposed it was made in good faith, and relying on the false statements made in various stages of the suit he made the compromise and entered into the stipulation on which the judgment was entered. *Held*, that if plaintiff is entitled to any relief on the facts he must seek it in the original action.

*Crouse* v. *McVickar*, 143 App. Div. 956, affirmed.

(Argued December 6, 1912; decided December 31, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 17, 1911, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. Raymond Cobb* for appellant. A compromise will be set aside at the suit of one who has suffered loss thereby where his adversary has been guilty of fraud inducing the compromise. (*Edwards* v. *Baugh*, 11 M. & W. 641; *Wade* v. *Simeon*, 2 C. B. Rep. 548; *Cook* v. *Wright*, 1 B. & S. 559; *Greenleaf* v. *Barker*, Cro. Eliz. 193; *Jones* v. *Ashburnham*, 4 East, 455; *Longridge* v. *Dorville*, 5 B. & S. 117; *Greham* v. *Johnson*, 17 W. R. 810; *Emery* v. *Royal*, 117 Ind. 299; *Morey* v. *Town of Newfane*, 8 Barb. 645; *Adams* v. *C. C. & T. Co.*, 198 Ill. 445.) Judgments obtained by fraud and falsehood will not be sustained. (*State of Michigan* v. *Phœnix Bank*, 33 N. Y.

9; *Richardson* v. *Trimble,* 17 Abb. [N. C.] 210; 138 N. Y. 99; *Stevens* v. *C. N. Bank,* 144 N. Y. 50; *Hackley* v. *Draper,* 60 N. Y. 88; *Leet* v. *Leet,* 12 App. Div. 11.) The proper procedure is by action, not by motion. (*Hackley* v. *Draper,* 60 N. Y. 88; *Mattern* v. *Sage,* 19 N. Y. S. R. 63; *Matter of Tilden,* 98 N. Y. 434.)

*Charles O. Maas, Edward De Witt* and *William Rubin* for Dorothea E. McVickar et al., respondents. The complaint is fatally defective in that it fails to disclose the facts and circumstances on which the plaintiff bases his demand for relief. (*Gates* v. *Preston,* 41 N. Y. 115; *Crossman* v. *Davis,* 79 Cal. 603; *Fletcher* v. *Holmes,* 25 Ind. 463; *Twogood* v. *Pence,* 22 Iowa, 543; *Royston* v. *Horner,* 75 Md. 559; 86 Md. 249; *Baldwin* v. *Rice,* 44 Misc. Rep. 71; *Nashville, etc., Ry. Co.* v. *United States,* 113 U. S. 266; *State* v. *Hill,* 50 Ark. 458; *Bibb* v. *Hitchcock,* 49 Ala. 474; *Mayor, etc.,* v. *Brady,* 25 J. & S. 14.) The plaintiff intended, by the execution of the agreement and the entry of the judgments which he now seeks to have set aside, to and did compromise precisely the same question which he desires to litigate in this action. (*Baker* v. *Spencer,* 47 N. Y. 562.)

*Morgan M. Mann* and *William Rubin* for the New York Trust Company, respondent. The appellant compromised by a valid and binding agreement, that of December 13, 1894, the very question which he now seeks to litigate anew. (*Steinway* v. *Steinway,* 24 App. Div. 104; 163 N. Y. 183; *Adams* v. *Sage,* 28 N. Y. 103; *Parsons* v. *Hughes,* 9 Paige, 591; *Shank* v. *Shoemaker,* 18 N. Y. 489; *Cowen* v. *Rouss,* 40 Misc. Rep. 105; *Feeter* v. *Weber,* 78 N. Y. 334; *Stewart* v. *Ahrenfeld,* 4 Den. 189.) The complaint is fully defective in that it fails to disclose the extraordinary circumstances and the absence of laches, which are prerequisite to any attempt to vacate a judgment. (*Mayor, etc.,* v. *Brady,* 25 J. & S. 14; 115 N. Y. 599; *Standard Fashion Co.* v. *Thompson,* 137 App. Div. 588;

*Le Guen* v. *Gouverneur,* 1 Johns. Cas. 436; *Bibb* v. *Hitchcock,* 49 Ala. 474; *State* v. *Hill,* 50 Ark. 458; *Mulford* v. *Cohen,* 18 Cal. 42; *Brady* v. *Harvath,* 79 Ill. App. 18; *Weeks* v. *Holmes,* 101 Ill. App. 435; *Warne* v. *Irwin,* 153 Ind. 21.)

*W. H. Van Benschoten* for Lincoln Trust Company, as general guardian, respondent.

CULLEN, Ch. J. One Crouse died on the 21st day of November, 1892, leaving a last will and testament whereby, after many legacies, he bequeathed a large residuary estate of personalty to the persons who would be entitled to take the same under the law if he had died intestate. The plaintiff and certain others, first cousins of the testator, were his next of kin, unless the defendant Dorothea Edgarita Crouse, who was then an infant aged six years, was his legitimate child. The claim was made on behalf of said infant that she was such child, and by the defendant Eula H. Potulicka that she was the widow of said testator. In this state of conflicting claims the executors of the will of the deceased brought an action in the Supreme Court against all the persons claiming any portion of the estate under the will, asking that it be determined who were entitled to the estate. The complaint in this action does not set forth in full the judgment roll in the executors' action, but it does state the object of the action and that the issue in it was as to the status of the defendant Dorothea. It alleges that the action was brought on for trial, when the parties entered into stipulation by which it was agreed that the conflicting claimants, the first cousins on one side and Dorothea on the other, should share the residuary estate equally and that judgment to that effect should be had. In accordance with the stipulation, which the guardian was authorized by the court to make on behalf of the infant, judgment was entered on the 19th day of February, 1895, which decreed that the

residuary estate be divided as stipulated (certain deduc-
tions being made from the infant's share in favor of third
parties, details of which are immaterial in this contro-
versy). A copy of that judgment is annexed to the com-
plaint and forms part thereof. The complaint then
charges that the claim on behalf of Dorothea was not
only false but fraudulent and made in bad faith, and
that it was intended to support it by the perjury of cer-
tain witnesses who had been suborned for the purpose;
that plaintiff did not know at the time and had no means
of knowing that the claim was fraudulent, but supposed it
was made in good faith, and that relying on the false state-
ments made in various stages of the suit he made the
compromise and entered into the stipulation above recited.
He asks as relief that the judgment be set aside and that
the defendant Dorothea restore to him the moneys
awarded to her out of his share.

I think the courts below were right in holding that the
complaint did not state facts sufficient to constitute a
cause of action. The complaint was evidently framed,
and the appeal has been argued, as if the action were
to set aside for fraud merely an agreement to compromise
and to recover money paid thereunder. But this is a
mistaken view. There is a solemn judgment rendered in
one action which it is sought to attack by another. The
court whose decree is assailed had jurisdiction of the sub-
ject-matter of the action, of the parties thereto and juris-
diction to render a judgment distributing the estate of
the decedent. It matters not whether that judgment
was right or wrong. Until reversed on appeal or set
aside it was conclusive. Nor does it matter that when
the cause was brought on for trial, instead of hearing
testimony the court made its decree on the stipulation of
the parties. A judgment by default is as conclusive as
any other judgment, and a judgment rendered on the
express stipulation of the parties can hardly be of less
effect than one rendered on the failure of a party to

appear. Parties may by their stipulation make the law of the case which the courts may and at times are bound to enforce. (*Matter of N. Y., Lackawanna & W. R. R. Co.*, 98 N. Y. 447.) '

The judgment sought to be set aside was, therefore, subject to the same and only to the same attack that could be made on any other judgment. It is doubtless true that a judgment can be set aside for fraud by an action brought for that purpose, but it is the settled law (save possibly in one or two jurisdictions) that the fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the action. By Professor Pomeroy it is said (Equity Jurisprudence, § 1361): "Equity will not restrain a legal action or judgment when the controversy will be decided by the court of equity upon a ground equally available at law, unless the party invoking the aid of equity can show some special equitable feature or ground of relief, and, in the case assumed, this special feature or ground must necessarily be something connected with the mode of trying and deciding the legal action, and not with the cause of action or the defense themselves." In *United States* v. *Throckmorton* (98 U. S. 61, 66) it was held: "On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed." (See, also, Black on Judgments, § 372.) In *Rose* v. *Wood* (70 N. Y. 8) the complaint charged that the defendants, combining with others to cheat and defraud the plaintiff by perjury and false testimony, obtained a judgment setting aside a deed and asked that the judgment so obtained might itself be set aside for the fraud and perjury. The complaint was held on demurrer not to state a cause of action. *Mayor, etc., of N. Y.* v. *Brady* (115 N. Y. 599) is to the same effect. In the latter case

is to be found an extensive review of the authorities. In *Smith* v. *Lewis* (3 Johns. 157) it was held that an action would not lie for suborning a witness to testify falsely by which the plaintiff was cast in judgment. The reason of the rule is stated by Chancellor KENT, then chief justice, that otherwise there could be no final determination of a suit. So here, if in this action the plaintiff should be successful, thereafter the defendant might sue to set aside the adverse judgment on the ground that plaintiff's claim had been made in bad faith and supported by perjury. The principle on which the rule rests is the oft-repeated maxim, *Interest republicœ ut sit finis litium.* It does not follow that a defeated litigant is without redress for perjury. He can apply in the original action and in a proper case obtain relief.

The fact that the decree now sought to be vacated rests on stipulation does not differentiate it in principle from one where the judgment was rendered after hearing evidence. The stipulation acted as a substitute for evidence. Each party being afraid of the effect of the evidence of the adverse party stipulated that the adversary's claim should prevail to the extent of one-half. No fraud is charged except in statements made as to the issue itself. If perjury in that respect made on the witness stand and inducing a court or jury to render an erroneous decision would not support an action to set aside the judgment, it is difficult to see why it should be of more moment because it frightened the parties into a compromise.

Nor can this action be sustained on the ground of newly-discovered evidence. The complaint does not allege any new evidence that the plaintiff can adduce. The plaintiff states that he has found out that the claim was conceived in fraud and perjury, but that he has any testimony to prove it he does not say. If he has any he should state what it is so that the court can judge of its sufficiency. The case in this respect is far weaker than

that of *Mayor, etc., of N. Y.* v. *Brady* (*supra*), which was also decided on demurrer. For that reason the complaint is not good as a bill of review (2 Barb. Ch. Pr. 92), if that remedy still exists.

I have serious doubts whether the plaintiff was not required to offer in his complaint a return to court of the fund he had received under the judgment. But in the view I have taken as to the sufficiency of the complaint in other respects, it is unnecessary to consider this. If the plaintiff is entitled to any relief on the facts he should seek it in the original action.

The judgment appealed from should be affirmed, with costs.

HAIGHT, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur; VANN, J., not sitting.

Judgment affirmed.