ANNA C. FUHRMANN, Respondent, *v.* ARTHUR E. FAN-ROTH, Appellant, Impleaded with Another.

(Argued October 16, 1930; decided November 18, 1930.)

*Charles J. Nehrbas* and *Malvin B. Mariash* for appellant. Plaintiff was required to allege and prove fraud in the procurement of the foreclosure judgment. (*Savage* v. *Allen*, 54 N. Y. 458; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Pray* v. *Hegeman*, 98 N. Y. 358; *Stewart* v. *Stewart*,

198 App. Div. 337; *Goebel* v. *Iffla*, 111 N. Y. 170; *Tax Lien Co.* v. *Schultz*, 213 N. Y. 9; *Jasper* v. *Rosinski*, 228 N. Y. 349; *Field* v. *Chronik*, 190 App. Div. 501; *Lagrave* v. *Hellinger*, 144 App. Div. 397; *Archer* v. *Archer*, 164 App. Div. 81; *Buffalo Cold Storage Co.* v. *Harding*, 214 App. Div. 643; *Collins* v. *Burr*, 209 App. Div. 116; *Ward* v. *Town of Southfield*, 102 N. Y. 292.)

*Mark B. Bennitt* and *George C. Manning, Jr.,* for respondent. The plaintiff has alleged and shown fraud in the procurement of the judgment of foreclosure and sale which deprives her of her property. (*Miller* v. *Barber*, 66 N. Y. 558; *Istari* v. *Hecksher*, 15 N. Y. Supp. 739; 45 N. Y. S. R. 699; *Bienenstok* v. *Amidown*, 31 Abb. N. C. 400; *Meredith* v. *Art Metal Constr. Co.*, 97 Misc. Rep. 69; 176 App. Div. 945.)

CARDOZO, Ch. J. The action is one to vacate a judgment for the foreclosure of a mortgage and the sale of the mortgaged premises on the ground that the judgment was procured by fraud.

The plaintiff, Anna C. Fuhrmann, was in 1925 and afterwards the owner of a parcel of land in the county of Kings. She gave to her husband, the defendant Peter J. Fuhrmann, a power of attorney to mortgage the land in her name. The power was general in its terms, but its object, so she says, was to substitute a new mortgage in the sum of $6,500 for an earlier one of like amount then a lien upon the premises. The object once accomplished, the expectation was that the power would not be used again.

In May, 1926, the husband, Peter Fuhrmann, leased from the defendant Fanroth a restaurant at Coney Island. Fanroth wished to have a mortgage in the sum of $4,000 either as security for the lease or to enable him to borrow money. He took one on the plaintiff's land, receiving it from Fuhrmann who signed as agent under the power. There is testimony that Fanroth had knowledge of the

true purpose of the agency and the limitation of authority. He knew in any event that the agent was mortgaging without consideration or at best for a debt that was owing from the agent personally.

In June, 1927, Fanroth brought suit for the foreclosure of his mortgage, which was then overdue as to principal and interest. He caused the summons and complaint to be served on Mrs. Fuhrmann, the process server throwing the papers on a table. Examining the papers later, she learned about the mortgage. She spoke to Fanroth over the telephone, and asked him what the papers meant. He answered that he was foreclosing the mortgage for money owing from her husband, whom he advised her to consult. Later in the day, she showed the papers to the husband, who told her, so she says, that there was nothing to the suit and that no mortgage had been made. He took the papers away with him, promising to give the matter his attention. The lawyer whom he consulted advised him that there had been a failure to serve the summons in the manner called for by the statute, and that there was no need of appearing or of putting in an answer. The next thing Mrs. Fuhrmann heard about the matter was when she learned that there had been a judgment of foreclosure and that the land was advertised for sale.

A motion quickly followed. It was made to vacate the service of the summons and to open the default. Both Mrs. Fuhrmann and her husband made affidavits in support of it. Mrs. Fuhrmann stated that she had never been served with the summons. Her narrative was contradicted in many of its features by the affidavit of the process server. She also stated as a proposed defense that the mortgage had been executed under the power of attorney without her knowledge and without consideration. There was a corroborating affidavit verified by the husband. The motion being denied, a motion for a reargument was made on fuller papers. Among

them was an affidavit by the attorney retained by Mr. Fuhrmann. The affidavit shows that the attorney had been fully informed by Fuhrmann as to Mrs. Fuhrmann's claim of fraud, but had failed to appear and defend because he believed from the report made to him that the service was invalid. Upon the application for reargument, the motion was again denied.

The present action followed. The plaintiff, reiterating her claim that she was persuaded not to defend by the advice of her own attorney that defective service of the summons made appearance and defense unnecessary, has prayed the aid of the court to set aside the judgment in the exercise of its equitable jurisdiction to relieve against deceit. The Supreme Court at Special Term has granted the relief demanded, and the Appellate Division has affirmed, though by a divided court.

For the purpose of this appeal, we assume in plaintiff's favor that the mortgage was subject to infirmities which, if seasonably proved, would have made out a defense to the action of foreclosure. That is not enough to call for its annulment in an independent action. There is no distinction in that regard between judgments by default and those rendered after trial. The plaintiff may not prevail by a showing of fraud in the underlying transaction which is the basis of the judgment, still less by a showing that there was a lack of consideration. Defenses such as these should have been pleaded and proved while the foreclosure suit was pending, and are not a subject of inquiry afterwards. The plaintiff, to prevail, must prove that there was fraud in the very means by which the judgment was procured (*Mayor, etc.* v. *Brady*, 115 N. Y. 599; *Ward* v. *Town of Southfield*, 102 N. Y. 287, 292; *Crouse* v. *McVickar*, 207 N. Y. 213, 218, 219; *United States* v. *Throckmorton*, 98 U. S. 61, 68; *United States* v. *Atkins*, 260 U. S. 220, 224), some covinous device, for illustration, whereby she was robbed of the opportunity to uncover her grievance and expose it to the court. The rule is less

rigid where the application for relief is by motion in the action (*Crouse* v. *McVickar, supra; Dutton* v. *Smith,* 10 App. Div. 566; *Crim* v. *Handley,* 94 U. S. 652). There is then a large discretion to open a default suffered through mistake of fact or law or even negligent inadvertence, though neither fraud nor other wrong is to be imputed to the adverse party. Such a motion, as we have seen, was made by Mrs. Fuhrmann, and the order denying it is still in force, unchallenged by appeal. If relief is now to be granted in an independent action, there must be a showing of that fraudulent procurement exacted by the precedents.

We find nothing in this record to justify us in saying that such procurement has been proved. Fanroth, the mortgagee, served the summons and complaint upon the owner in conformity with law. This fact is found in the decision of the trial court. He not only served the papers; he explained the object of the lawsuit in such a way as to warn her of the need of a defense. He told her that the suit was one to foreclose a mortgage upon her land as security for Fuhrmann's debt. Later in the day she showed the papers to her husband, stating at the same time that they had been left at the house and never served upon her. The husband quieted her fears by telling her that no mortgage had been executed. This was a falsehood, but a falsehood without tendency to beguile into indifference. If no mortgage had been made, the need was the more obvious that there should be appearance and defense. Fuhrmann took the papers and brought them to a lawyer. To the lawyer he told everything. He explained with no concealment that the mortgage was without consideration and a fraud upon the maker. He reported also what his wife had told him about the service of the summons. The failure to defend was not due to concealment, either unilateral or covinous, as to the grounds of the defense. It was due to the belief, induced in good faith by the representations of

the wife, that the summons had not been served, and hence that an answer was not due. Neither husband nor wife nor lawyer has offered a suggestion to the contrary. Upon a default suffered without covin, there has been a judgment duly rendered, which has been duly followed by a sale. Sale and judgment are unimpeached and upon this record unimpeachable.

The judgment of the Appellate Division and that of the Special Term should be reversed, and the complaint dismissed with costs in all courts.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.