SALVATORE CARNEMOLLA, as President of the LA RINASCENTE POZZALLESE, INC., and Individually in a Representative Capacity of Other Members, Appellant, v. THE SOCIETY OF THE CITIZENS OF POZZALLO, INC., Respondent.— Order dismissing complaint as insufficient in law affirmed, with ten dollars costs and disbursements. The complaint, when most liberally construed, alleges that the defendant procured an order of consolidation of the two societies on fraudulent proof to the court of compliance with the requirements of the statute respecting such a consolidation. This alleged fraud, therefore, related to an issue to be determined in the consolidation proceeding. The redress of such a type of fraud may only be had in the proceeding in which the alleged fraud was claimed to have been perpetrated. The remedy of the plaintiff, therefore, was to so move, and in the event relief was denied and a meritorious basis existed therefor, an appeal should have been prosecuted from the order of denial. (*Crouse* v. *McVickar*, 207 N. Y. 213; *Mayor, etc., of N. Y.* v. *Brady*, 115 id. 599; *Ward* v. *Town of Southfield*, 102 id. 287.) Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

GEORGE S. DASO, as Trustee for THOMAS & BUCKLEY HOISTING COMPANY, Respondent, v. UNITED HOISTING CO., INC., Appellant.— Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs. There are questions of fact to be tried in this case. Lazansky, P. J., Hagarty, Scudder and Tompkins, JJ., concur; Kapper, J., not voting.

HENRY E. DRAYTON, Respondent, v. ESTELLE DRAYTON, Appellant, and Others, Defendants.— Judgment of the County Court of Nassau county affirmed, with costs. No opinion. Lazansky, P. J., Hagarty, Scudder and Tompkins, JJ., concur; Davis, J., dissents on the ground that if an actual debt arose it occurred when the stocks were finally sold. It has been found that the father knew of the indebtedness of the son to his wife prior to the execution of the mortgage, in spite of the father's denial of the fact. If so, in spite of alleged " fair consideration " it is inferable that the purpose of both father and son in stripping the latter of his property was to defeat the wife as a creditor. The son abandoned her and has apparently left her penniless. I cannot see how Exhibits 4 and 5 are competent evidence. Respondent seeks to justify them as " admissions of an adverse party." The admissions of one party are not competent evidence against another party whose interests are hostile to the one making the admissions. If plaintiff wished to establish an actual loan, he should have called the witnesses, who would be subject to cross-examination — not produce in lieu thereof self-serving and hearsay declarations. If we throw out the letters, nothing remains to support the loan but the uncertain testimony of the aged plaintiff.