DONALD HORNE, Respondent, *v.* CHARLES P. McGINLEY, JOHN THOMAS TAYLOR and HARRY W. MACK, Appellants.

First Department, October 29, 1937.

*Jay M. Rieger*, for the appellant Charles P. McGinley.

*Harry W. Mack* of counsel [*Paul J. McCauley* with him on the brief; *Mack, McCauley, Spiegelberg & Gallagher*, attorneys], for the appellants John Thomas Taylor and Harry W. Mack.

*Harold F. Berg* of counsel [*James A. O'Gorman, Jr.*, and *Donald Horne*, attorneys], for the respondent.

O'MALLEY, J. The sufficiency of the complaint depends chiefly upon the question whether, in this independent action, a prior judgment entered against the plaintiff upon his stipulation for the withdrawal of the answer herein interposed, may be attacked upon the ground its entry was part of a scheme to evade the statutes against usury.

The complaint states the defendant Taylor has a judgment against the plaintiff in the sum of $14,301.09, entered October 4, 1933, which is void and of no effect by reason of the following facts alleged in the complaint:

The defendant McGinley is one of the real parties in interest with respect to the judgment and the defendant Taylor is his assignee for collection. The defendant Mack is the attorney for the defendant Taylor, who is a non-resident and not within the jurisdiction, and Mack is threatening to take steps to enforce the collection of the judgment.

The judgment was entered in an action brought to enforce the collection of a demand promissory note made by the plaintiff, payable to the defendant McGinley, in the sum of $13,600, with interest at six per cent, as reduced to $12,150. The note was for the repayment of a cash loan in the sum of $16,225, as reduced.

The plaintiff agreed not only to repay the loan in full, with interest at six per cent, but in addition to retain a law firm in Washington, D. C., as associate counsel in matters pending in the plaintiff's law office at a compensation of one-half of any amount plaintiff might receive. At such time the plaintiff neither needed nor desired the services of the law firm, but their retention was for the purpose and intent of causing the plaintiff to repay the loan at an unfair, extortionate and unconscionable rate by way of a bonus.

When the action on the note was commenced, plaintiff, as defendant therein, interposed an answer, but by stipulation withdrew it for the purpose of allowing the defendant Taylor to take judgment. The agreement at the time of the loan and when the notes were given was upon plaintiff's promise not to defend any action on the notes, and the stipulation withdrawing the answer and permitting the entry of judgment and the agreement not to defend were for the purpose of evading the statutes against usury.

Prior to the entry of judgment and as a part of the usurious transaction the plaintiff gave an assignment to the defendant Mack, as attorney for the other defendants, of certain contingent professional fees in two matters, which were likewise given to secure the collection of the usurious and void obligation.

Relief is sought declaring the contract, note and judgment void, canceling the judgment, enjoining the defendants from further attempts to collect it, and ordering the defendants to surrender the note and the assignments for cancellation.

The prior judgment against the plaintiff, though entered after withdrawal of his answer on stipulation, whether regarded as a default judgment or one entered on consent or stipulation, is as conclusive as any other judgment entered after a full trial. (*Crouse* v. *McVickar*, 207 N. Y. 213.)

It is well settled that a judgment may not be annulled or set aside in an independent action unless there was fraud in the means by which the judgment was secured or some covinous device which robbed the litigant of an opportunity to uncover a grievance and expose it to the court, a rule more rigid when the relief is sought in an independent action, as here, rather than in the action in which the judgment was entered. (*Fuhrmann* v. *Fanroth*, 254 N. Y. 479; *Crouse* v. *McVickar, supra.*) Here, the alleged usurious scheme might have been pleaded by way of defense in the prior action, and there is nothing alleged tending to show that plaintiff by any covinous device was prevented from so doing.

That equity will not stay the enforcement of a judgment at law, where a defense of usury might have been pleaded and established, has long since been the law in this jurisdiction. (*Lansing* v. *Eddy,*

1 Johns. Ch. 49; *Thompson* v. *Berry*, 3 id. 395; affd., 17 Johns. 435.) It is to the public interest that there be finality of judgment. (*Crouse* v. *McVickar, supra.*)

The case of *Moses* v. *McDivitt* (88 N. Y. 62), relied upon by the respondent, is not here controlling. In that case there was no independent action to stay, affect or otherwise interfere with the judgment. The defendant therein was defending an action brought on a bond to secure a judgment on the ground that the whole series of transactions was a cloak and device covering usury. The judgment sought to be avoided was not the ultimate, but an intermediate step in the scheme. Moreover, so far as this case might be said to hold that a judgment may be collaterally attacked except for fraud, it must be deemed overruled by the later cases in the Court of Appeals, such as *Fuhrmann* v. *Fanroth* and *Crouse* v. *McVickar* (*supra*).

It follows, therefore, that the orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motions granted.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, and motions granted.