Philip Lerner, Plaintiff, *v.* Jack Sheinhorn, Defendant.

Supreme Court, Special Term, Kings County, March 8, 1945.

*Nathan Tolk* for plaintiff.

*Bernard D. Barnett* for defendant.

NOVA, J. For a period approximating eleven years plaintiff and his family have been tenants of an apartment in a two-family dwelling located in the Sea Gate section of Brooklyn. During the month of March, 1944, defendant purchased the said building. Being desirous of taking· exclusive possession of the building in order to satisfy a housing problem which for some time had confronted his own family, immediately following the purchase the defendant initiated requisite proceedings before the Office of Price Administration under applicable provisions of the Rent Regulation for Housing in the New York City Defense-Rental Area for the purpose of procuring a certificate of occupancy (§ 6, subd. [b]; 8 Fed. Reg. 13918). Upon the conclusion of a hearing held before the latter agency,· at which time both parties were afforded ample opportunity to present their respective contentions, a certificate of occupancy was issued permitting defendant, after the expiration of a three months' stay, to institute legal proceedings, if necessary, to oust plaintiff from possession. The latter having failed to move from the premises during the above specified time, defendant sought and procured a final order in the Municipal Court requiring plaintiff's removal from the premises. The execution of the warrant, however, was stayed until March 1, 1945, which constituted a further period of six months in which to afford the plaintiff an additional· opportunity to obtain other living quarters for himself and family.

Plaintiff has now instituted the instant action in this court to enjoin the enforcement of the warrant of dispossess and moves herein to obtain similar relief *pendente lite*.

As a basis upon which to predicate both the action itself and the instant application, plaintiff claims that the certificate of occupancy issued by the Office of Price Administration and the final order obtained in the Municipal Court were procured by defendant's " fraud ". The alleged fraud consists of the charge that the defendant did not truly desire the premises for his own immediate occupancy. A consideration of the papers which have been submitted hereon, however, will instantly reveal that the plaintiff's charge of the defendant's so-called fraud in such respect is merely a barren characterization, wholly lacking in factual support. The sole circumstance relied upon by plaintiff to establish his claim of fraud is that, prior to defend-

ant's acquisition of title to the building, he made a statement to plaintiff to the effect that " he did not need any portion (of the building) for his own use and was interested in buying the same for whatever profit he can derive from the said purchase."

Apparently at the present time plaintiff relies upon the foregoing statement for the purpose of demonstrating that defendant falsified on the hearing before the Office of Price Administration when he informed that agency that he wanted the possession of the building *for the immediate occupancy of his own family.*

Plaintiff fails to show that the statement, which defendant is alleged to have made prior to his purchase of the house, was acted upon in any wise by the plaintiff to his detriment. Such statement did not deter him, in any event, from appearing before the Office of Price Administration in order to protect his continued status as a tenant. If plaintiff, for instance, had in fact relied upon the statement and thus had been lulled into a sense of security and because of it had failed to appear before the Office of Price Administration in order to protect his continued status as a tenant, a conclusion might then be drawn that the statement was possibly a " covinous device " justifying equitable intervention by this court. (See *Fuhrmann* v. *Fanroth,* 254 N. Y. 479, 482.)

The latter case, analogously, is ample authority for the conclusion that the present is not the proper forum for the plaintiff belatedly to seek relief predicated on the charge of fraud, as he seeks to do by means of the instant action. As succinctly stated in *Crouse* v. *McVickar* (207 N. Y. 213, 218): " It is doubtless true that a judgment can be set aside for fraud by an action brought for that purpose, but it is the settled law (save possibly in one or two jurisdictions) that the fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the action."

The claim of " fraud " should thus have been addressed to the Office of Price Administration when the purchaser applied to it for the issuance of the certificate of occupancy, or should have been interposed as a plea in bar in the Municipal Court when application was made for the final order in the summary proceeding. An adjudication having been thus rendered heretofore on the merits by two governmental agencies of competent jurisdiction, there is no basis upon which the plaintiff may now procure relief in this court. The application for temporary injunction must in consequence be denied.