PETER M. THOMSEN et al., Plaintiffs, *v.* FRANCES C. TEXON, Defendant.

Supreme Court, Special Term, New York County, August 20, 1947.

*Markewich, Rosenhaus & Markewich* for defendant.

*I. William Garfield* for plaintiffs.

PECORA, J.  Defendant moves to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it fails to state a cause of action.  The allegations of the complaint show that defendant acquired title to certain premises in New York City in October, 1944, which premises at that time were occupied by plaintiffs as a dwelling and for the conduct of a rooming-house business.  On or about August 7, 1945, defendant obtained a certificate of eviction from the Office of Price Administration and commenced summary proceedings to evict plaintiffs.  After trial in the Municipal Court, a final order was entered in defendant's favor awarding her possession of the premises.  The complaint seeks damages, based upon allegations of fraud, arising from the failure of defendant to use the premises as a residence although more than a year elapsed since the granting of the final order.  The fraud alleged is that defendant by false representations obtained a certificate of eviction from the Office of Price Administration and then based upon that certificate, and false testimony that she desired the premises for her occupancy, obtained the final order in the Municipal Court.

Whether defendant imposed upon the Office of Price Administration and the Municipal Court in making alleged false representations involves questions which were tried in both of those tribunals.  What plaintiffs now attempt is collaterally to attack the validity of the certificate of eviction and the Municipal Court order.  A judgment obtained in a summary proceeding is a bar to any action upon the material issues embraced in that judgment.  (*Adler* v. *Pilot Industries,* 57 N. Y. S. 2d, 539.  See, also, *Lerner* v. *Sheinhorn,* 184 Misc. 361.)  Thus the final order bars plaintiff's action here.

Furthermore, plaintiffs' claim to damages arises from the eviction made pursuant to the final order.  However, we are not dealing with property subject to the Commercial or Business Rent Laws which contain provisions for damages where the landlord does not occupy the premises within a limited time (§ 8, subd. [d]); nor is there any question of an overcharge here as provided for in subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e], as amd.).  Thus, there is no statutory authority in

the various rent control acts or Emergency Price Control Act for the action brought here. Hence, even if the eviction were improper, the statutes give plaintiffs no basis for an action, whether they couch their allegations in the form of fraud or otherwise. The motion to dismiss is granted. Settle order.