CLAIRE M. TAYLOR et al., Plaintiffs, *v.* ROBERT J. ANDERSON et al., Defendants.

Supreme Court, Special Term, New York County, December 23, 1947.

*Cuneo & Cuneo* for Robert J. Anderson and others, defendants.

*Milton Cash,* defendant in person.

*O'Leary & O'Leary* for plaintiffs.

PECORA, J. The causes of action alleged in the complaint are insufficient under the decision of *Thomsen* v. *Texon* (189 Misc. 972). Under the Commercial or Business Rent Control Laws (L. 1945, ch. 3, § 8, subd. [d], as amd.; L. 1945, ch. 314, § 8, subd. [d], as amd.), specific provisions are made for an action for damages where the landlord does not occupy the premises after removing the tenant. However, the instant case does not involve business or commercial space. There is no cause of action for obtaining a final order in a summary proceeding, where allegations are made that defendants imposed on the Municipal Court in securing the dispossess warrant. Relief under the emergency rent laws is purely statutory in character. If the Legislature saw fit to grant a cause of action in one set of cases, and not provide for one in situations which do not involve business or commercial space, the courts cannot do so by judicial legislation.

The motion to dismiss the complaint and for judgment on the pleadings is granted. Settle order.