WILLIAM GOETZ, Plaintiff, *v.* FRANK DOODY, Defendant.*

City Court of New Rochelle, December 30, 1947.

*William S. Brill* for defendant.

*Samuel Kalmanson* for plaintiff.

RUBIN, J. The defendant has moved by notice of motion for an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action, and in the alternative to vacate a notice served by the plaintiff to examine the defendant as an adverse party before trial.

The action is founded on a complaint which seeks damages for fraud in the sum of $2,500, on the theory that the defendant, as the plaintiff's lessor of dwelling premises located within the Westchester County Emergency Rent Area, procured a certificate from the Office of Price Administration authorizing the defendant as such lessor to institute summary proceedings under local law for the recovery of possession of the said premises by misrepresentation of the facts to the public authorities " in evasion of the rent regulations ". It alleges that possession was procured by the defendant upon the certificate so improperly obtained and that the plaintiff, as tenant, was subsequently actually ousted from the premises.

The defendant offers as authority for his position, in seeking a dismissal of the complaint, the recent decision of Mr. Justice PECORA in *Thomsen* v. *Texon* (189 Misc. 972). That decision rests upon comparable facts. The decision dismisses the com-

plaint on the theory that the action for damages is a collateral attack on the certificate of eviction and the final order in the summary proceeding, and holds that a judgment obtained in a summary proceeding is a bar to any action upon the material issues embraced in that judgment. The dismissal also rests upon the ground that there is no statutory authority in the various rent control acts or emergency price control acts for the action so brought.

In addition, the defendant urges a line of cases interpreting the provisions of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), holding that the issuance of a certificate of eviction to the landlord is conclusive on the question of the landlord's good faith in seeking to evict a tenant. However, these cases merely stand for the proposition that the certificate was issued as an administrative matter by the Office of Price Administration and the local courts were foreclosed from further inquiry as to the landlord's good faith.

Although this court, sitting outside the First Department, is not strictly bound to follow the decision of Mr. Justice PECORA under the rule of *stare decisis,* the decision, being one of the Supreme Court and rendered by as distinguished a justice as is Mr. Justice PECORA, is bound to command a great respect; and following that decision this court grants the motion to dismiss.

However, this court does not come to the conclusion that this action leaves the aggrieved plaintiff-tenant without remedy. It has long been the established law of this State that courts of equity have jurisdiction to cancel judgments upon equitable grounds, such as fraud in the procurement of the judgments. (*Fuhrmann* v. *Fanroth,* 254 N. Y. 479; 5 Carmody on New York Pleading and Practice, § 1512.)

Such jurisdiction will particularly be exercised in cases of necessity where there is no adequate remedy at law. (*Matthews* v. *Carman,* 122 App. Div. 582, where, as here, the judgment may not be attacked by a motion in the action or proceeding or by an appeal from the judgment rendered herein; *Franz* v. *Nigri,* 232 App. Div. 150.)

" A court of equity will entertain an action to set aside a judgment procured by fraud, since fraud vitiates the judgment. The plaintiff, to prevail in such case, however, must prove that there was fraud in the very means by which the judgment was procured." (5 Carmody on New York Pleading and Practice, § 1512; *Fuhrmann* v. *Fanroth, supra; Crouse* v. *McVickar,* 207 N. Y. 213.)

This court, however, by statute has no jurisdiction of equitable actions and cannot render equitable relief. The dismissal of the complaint, therefore, is without prejudice to the maintenance of an equitable action in the Supreme Court by the plaintiff, if the plaintiff be so advised.

This disposition, of course, renders academic the second phase of the defendant's motion and it, therefore, is not passed upon.

Submit order accordingly to be settled on three days' notice.