Peck, P. J.
This action appears to be a factional dispute for control of Harlem Labor Union, Inc. The second cause of action, which is the subject of a motion to dismiss for insufficiency, alleges that due to the unlawful connivance and conspiracy between defendants Ordman, an attorney, and Ferman, business manager of the union, and the neglect of duties of the other defendants, being the members of the executive board, a judgment was docketed in favor of defendant Ordman against the union; that the claim upon which the judgment was entered was *232 for legal services which were neither authorized nor rendered for the benefit of the union; that the judgment was obtained solely upon the false testimony of the defendant Ferman and unfounded claim of defendant Ordman; that in supplementary proceedings a third-party order was served upon a bank where the union deposited its funds and the union opposed the application for payment of the judgment out of the bank funds upon the ground that said funds were trust funds to be used especially for the welfare of its members, and the court held the motion in abeyance and referred the matter to a referee to determine ownership; that while said hearing was pending, defendants, in defiance of said order and without proper authority, paid Ordman and settled his judgment, such acts being unconstitutional, unlawful and a deliberate waste of the funds and assets of the union.
Stripped of verbiage and reduced to essentials, the charge is nothing more than the payment of a judgment allegedly procured by false testimony in support of an unfounded claim. Any contest of the claim could, of course, have been made on the trial, so collateral attack through an independent action may not be made upon the judgment upon the assertion that the claim underlying the judgment was unfounded. It is likewise clear that a collateral attack may not be made upon a judgment for intrinsic fraud, that is for perjury or false swearing on the trial, and such relief must be obtained in the original action (Jacobowitz v. Herson, 268 N. Y. 130; Fuhrmann v. Fanroth, 254 N. Y. 479).
No other fraud in procuring the judgment is alleged and no supportable grounds stated for this attack on the judgment. It does not appear from the allegations of the complaint that there was any concealment of the existence of the action from the proper authorities of the union or that the judgment was surreptitiously entered or any opportunity denied to the union to defend. The allegations of the second cause of action do not add up to a cause of action and the order appealed from should be reversed, with $20 costs and disbursements to the appellant and the motion to dismiss should be granted, with costs.
G-lennon, Cohn and Van Voorhis, JJ., concur; Shientag, J., dissents and votes to affirm.
Order reversed, with $20 costs and disbursements to the appellant, the motion to dismiss the second cause of action granted and the action severed with respect to the remaining cause of action.