MILTON H. GROPPER, Plaintiff, *v.* OSCAR HAMMERSTEIN, II, Defendant.

Supreme Court, Special Term, New York County, November 5, 1954.

*Howard E. Reinheimer, Irving Cohen, Murray C. Bernays, Lee Moselle* and *Ellis J. Freedman* for defendant.

*Gottlieb & Konove* for plaintiff.

STEUER, J. Defendant moves for summary judgment. The action seeks to rescind a settlement agreement entered into in a prior lawsuit, offers to return the benefits received except the cash payment, and asks for judgment on the original claim in that suit, giving credit for the cash payment. The original suit had been removed to the United States District Court and the settlement was effected while the parties were in that forum.

The original claim was to the effect that the plaintiff was a co-author of the musical play " The King and I " with the defendant and had an agreement with him for a share of the royalties proportionate to his contribution to the writing. The claim was that plaintiff's contribution to the play amounted to one third and he sued for the difference between what he had received and said one third, a sum which he calculated at $233,800. The suit was settled for $35,000 and the transfer of certain rights. In that litigation and in making the settlement plaintiff was represented by very able counsel of wide experience. The settlement agreement was in writing. It includes an affidavit by plaintiff that no representations or promises· had been made to him to induce the settlement and that he was fully advised in the premises by his counsel. His counsel put a note on this affidavit and that plaintiff had read each of the papers included in the settlement and that counsel had approved them. The settlement took the form of an order of dismissal and was contingent upon the court approving and signing the order, which was done.

One of the considerations for the settlement was the giving of a license by the defendant to plaintiff for the exploitation of two plays upon which these parties had to some extent collaborated. The license contains a clause that the public use of defendant's name in connection with the exploitation or public reference to it would terminate the license. This clause is the basis for the suit to rescind. In connection with it plaintiff claims he made a mistake. The contention is that when plaintiff sought to exploit the two plays he discovered that no producer would have anything to do with them when this clause became known to them. His mistake, so he alleges, was in the belief that he was receiving a valuable license and instead had a worthless piece of paper.

For two reasons, both conclusively established by documentary evidence, the plaintiff must fail. He is suing on a claim, which according to the record, has been dismissed by the United States District Court. No court, except that in which the order of dismissal was granted, can relieve him from the effect of that dismissal (*Crouse* v. *McVickar,* 207 N. Y. 213).

Even if this unavoidable bar was not present the plaintiff could not get the relief he seeks. What he sets out is not a mistake in legal contemplation. It is conclusively established that he knew what he was getting. What he claims is that he did not appreciate that the effect of the restriction would be to render the license unmarketable. A failure to foresee the reac-

tion of possible entrepreneurs is not a mistake warranting rescission (*Walton Water Co.* v. *Village of Walton,* 238 N. Y. 46).

Lastly plaintiff claims that to enforce the agreement would be so harsh as to contravene public policy. As regards a competent adult, assisted by able counsel, and dealing at arm's length, there just is not any such public policy. Motion granted.