MABEL CHENU, Appellant, v. BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF NEW YORK et al., Respondents.

First Department, March 28, 1961.

*Adrien E. Laurencelle, Jr.,* of counsel (*Corner, Weisbrod, Froeb & Charles,* attorneys), for appellant.

*Arnold M. Patent* of counsel (*Patent & Patent,* attorneys), for Eva Chenu, respondent.

BOTEIN, P. J.   Defendant married Julius Chenu in the State of New York in 1910.   They separated in 1925, and in 1947 she obtained a decree of separation in this State on the grounds of cruel and inhuman treatment and abandonment.

Some time later Chenu established a residence in Florida and commenced a divorce action there against defendant, who was served by publication.   She did not appear personally, nor did she defend the action in Florida.

The Florida court granted the divorce and thereafter, in January, 1949, Chenu and plaintiff underwent a marriage ceremony, in Florida.   Chenu, who was a retired member of the New York City police force, died in Florida in 1957.   Both parties applied to defendant Board of Trustees of the Police Pension Fund for a widow's pension, pursuant to the provisions of the Administrative Code of the City of New York, each claiming to be the lawful widow of the deceased Chenu.   The Board of Trustees notified the claimants that the question as to which of the two was the lawful widow should be determined by a court of competent jurisdiction.

Thereupon, this action for declaratory judgment was brought by plaintiff — whom Chenu had purportedly married in 1949. Both parties moved for summary judgment, and Special Term granted judgment in favor of defendant — the first wife — denied plaintiff's cross motion and dismissed her complaint. Plaintiff appeals from the order and the judgment entered thereon.

The complaint in the Florida divorce action alleged cruelty on the part of the first wife and her refusal to live with Chenu. It recited the 1947 decree of separation in this State, but alleged that it was obtained without his acquiescence, and as one step in her plan and pattern to desert him.   Special Term, in dismissing the complaint, held that " [i]t is obvious that, if the Florida courts had truthfully been apprised of the fact that the judgment of separation, awarded to the defendant, Eva Chenu, was obtained after a trial in the New York State Supreme Court, in which the deceased appeared by attorney and filed an answer contesting the action, that the divorce decree would not have been granted, because the charges contained in the bill of

complaint in the Florida action were all properly before the court in the New York State action.'' Special Term therefore held that the Florida divorce was obtained by fraud, that the Florida court did not have jurisdiction over the person of defendant in this action, and that she was the lawful wife of the deceased Chenu.

It is undisputed that Chenu had established a lawful domicile in Florida before bringing the divorce action and that service was effected properly on the nondomiciliary defendant by publication. The Florida judgment could be nullified by collateral attack in this State if there had been fraud in the purported establishment of residence by the decedent, or improper service upon defendant. Given the ingredients of domicile and proper service, however, the Florida divorce decree is invulnerable to attack in this State, since there is no showing of fraud that vitiates its jurisdictional underpinning (*Williams* v. *North Carolina*, 317 U. S. 287; *Williams* v. *North Carolina*, 325 U. S. 226; *Estin* v. *Estin*, 296 N. Y. 308, affd. 334 U. S. 541).·

It is well-settled law that '' the fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the action '' (*Crouse* v. *McVickar*, 207 N. Y. 213, 218). (See, also, *Frost* v. *Frost*, 260 App. Div. 694.) It is no challenge to the jurisdiction of the Florida court that the decedent husband purportedly misrepresented the scope and effect of the New York separation decree, as a false presentation which distorts the thrust of a formal judgment of a sister State is in essence no different from any other type of perjury committed in the course of litigation. This was intrinsic fraud, which may not be attacked collaterally; and relief would have been available only in the original action (*Fuhrmann* v. *Fanroth*, 254 N. Y. 479; *Rivero* v. *Ordman*, 277 App. Div. 231).

Upon similar reasoning, defendant's contention that the earlier separation decree was *res judicata* of the matter decided in the Florida litigation — a contention, incidentally, not persuasively supported by the record — must fall. *Res judicata* is a defense to be pleaded, and defendant had adequate opportunity to do so. In any event, there were allegations in the Florida complaint alleging conduct by defendant subsequent to the filing of the New York decree.

Furthermore, even if inconsistent judgments are rendered in successive actions, the last judgment controls and determines the rights of the parties (2 Freeman, Judgments [5th ed.], § 629; Restatement, Judgments, § 42).

Since defendant has no basis upon which to impeach the Florida decree, it must be given full faith and credit by the

courts of this State (*Morris* v. *Jones*, 329 U. S. 545; *Lynn* v. *Lynn*, 302 N. Y. 193). Accordingly, the order and judgment granting defendant's motion for summary judgment and denying plaintiff's cross motion for similar relief should be reversed, on the law, and summary judgment ordered in favor of plaintiff, without costs to either party.

BREITEL, RABIN, STEVENS and BERGAN, JJ., concur.

Order and judgment granting defendant's motion for summary judgment and denying plaintiff's cross motion for similar relief unanimously reversed, on the law, and summary judgment ordered in favor of plaintiff, without costs to either party.