■ PEARL M. HARRISON, Appellant, v. UNITED OPERATING CORP. et al., Respondents.— In an action to enforce a written court-approved stipulation of settlement made in a prior consolidated action, the plaintiff appeals from an order of the Supreme Court, Kings County, dated January 10, 1964, which

denied her motion for summary judgment for the relief demanded in the complaint. Order reversed, with $10 costs and disbursements; plaintiff's motion for summary judgment granted; and action remitted to the Special Term for the purpose of holding a hearing to determine the sum due to the plaintiff and for the entry of an appropriate judgment in her favor after such determination. The facts out of which this action arose are as follows: In 1959 one Harold Harrison, individually and as a stockholder and director of defendant corporations, instituted seven derivative actions against such corporations and against Max Harrison and Julian Wiener. The said actions were consolidated; and, after lengthy hearings before a Referee, the parties on August 10, 1960 entered into a stipulation of settlement signed by all the parties. An order confirming the stipulation of settlement was signed by a Justice of the Supreme Court on August 31, 1960 after a hearing at which the plaintiff Harold Harrison and the defendant Max Harrison in the consolidated action testified. The order provided that the action " is hereby settled and discontinued with prejudice against all the parties herein." The stipulation, so far as here pertinent, provided as follows: " It is further agreed that in the event of the death of any of the parties, i.e.: Max Harrison, Julian Wiener and Harold Harrison, that the corporations will continue to pay the compensation of the deceased to the widow of the deceased at the same rate of total compensation as of the date of death, for a period of six (6) months thereafter without any requirement by the corporations for any services by the widow." Max Harrison, the president of all the corporations, died on April 15, 1963; and plaintiff, his widow, commenced the instant action against all the corporations to recover the sum allegedly due under the stipulation of settlement. The defendants' answers asserted the defense of *ultra vires*, i.e., that the signatories lacked authority to bind the corporate defendants to pay a surviving widow the compensation referred to in the stipulation. In our opinion, the prior order, based on the stipulation between the parties settling and discontinuing the consolidated action with prejudice against all parties, is binding and conclusive on all parties thereto; it may not be attacked collaterally in an independent action (*Crouse* v. *McVickar*, 207 N. Y. 213; *Fuhrmann* v. *Fanroth*, 254 N. Y. 479; *Horne* v. *McGinley*, 252 App. Div. 296). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.