[885 NE2d 191, 855 NYS2d 427]

BYBLOS BANK EUROPE, S.A., Appellant, v SEKERBANK TURK ANO-
NYM SYRKETI, Respondent.

Argued February 13, 2008; decided March 20, 2008

## POINTS OF COUNSEL

*DLA Piper US LLP,* New York City (*Andrew L. Deutsch* and *Krista Sirola* of counsel), for appellant. I. The Appellate Division's refusal to apply the last-in-time rule to the Belgian judgment was error. (*Lynn v Lynn,* 302 NY 193; *Estin v Estin,* 296 NY 308; *Donald v J. J. White Lbr. Co.,* 68 F2d 441; *Americana Fabrics, Inc. v L & L Textiles, Inc.,* 754 F2d 1524; *Ambatielos v Foundation Co.,* 203 Misc 470; *Chenu v Board of Trustees of Police Pension Fund of City of N.Y.,* 12 AD2d 422, 11 NY2d 688; *Perkins v De Witt,* 197 Misc 369, 279 App Div 903; *Matter of Hunter,* 4 NY3d 260; *Joshua A. Becker & Assoc. v State of New York,* 79 AD2d 599; *Lazier v Westcott,* 26 NY 146.) II. The last-in-time rule applies whether or not the forum of the second judgment grants comity to foreign judgments. (*Hilton v Guyot,* 159 US 113; *Johnston v Compagnie Generale Transatlantique,* 242 NY 381; *Cowans v Ticonderoga Pulp & Paper Co.,* 219 App Div 120, 246 NY 603; *Watts v Swiss Bank Corp.,* 27 NY2d 270; *Fairchild, Arabatzis & Smith, Inc. v Prometco [Produce & Metals] Co., Ltd.,* 470 F Supp 610; *Island Territory of Curacao v Solitron Devices, Inc.,* 489 F2d 1313; *Matter of John P. v Whalen,* 54 NY2d 89; *Lenchyshyn v Pelko Elec.,* 281 AD2d 42.)

*Paul, Hastings, Janofsky & Walker LLP,* New York City (*George L. Graff, Richard C. Schoenstein* and *Asa R. Danes* of counsel), for respondent. I. The attachment was properly vacated. (*Treinies v Sunshine Mining Co.,* 308 US 66; *Adam v Saenger,* 303 US 59; *Aetna Life Ins. Co. v Tremblay,* 223 US 185; *Fairchild, Arabatzis & Smith, Inc. v Prometco [Produce & Metals] Co., Ltd.,* 470 F Supp 610; *Lynn v Lynn,* 302 NY 193; *Johnston v Compagnie Generale Transatlantique,* 242 NY 381; *Alfadda v Fenn,* 966 F Supp 1317, 159 F3d 41; *Perkins v*

*De Witt,* 279 App Div 903; *Ambatielos v Foundation Co.,* 203 Misc 470.) II. The New York courts lack jurisdiction over this dispute. (*J. Zeevi & Sons v Grindlays Bank [Uganda],* 37 NY2d 220; *Simonson v International Bank,* 14 NY2d 281; *Robinson v Oceanic Steam Nav. Co.,* 112 NY 315; *Cala v De Ridder Ltda, S.A.,* 17 AD2d 729; *Gano-Moore Coal Min. Co. v Deegans Coal Co.,* 214 App Div 634; *Fidan v Austral Am. Trading Corp.,* 8 Misc 2d 598; *Rzeszotarski v Co-operative Assn. Kasa Polska,* 139 Misc 400; *Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65; *Keene Corp. v United States,* 508 US 200; *Mollan v Torrance,* 9 Wheat [22 US] 537.)

### OPINION OF THE COURT

PIGOTT, J.

Plaintiff Byblos Bank Europe, S.A. is a Belgian bank and defendant Sekerbank Turk Anonym Syrketi is a Turkish bank. According to Byblos, in 1988, it issued two $2.5 million loans to Sekerbank. The loans were apparently obtained by a Sekerbank employee who issued a fraudulent loan guaranty to Byblos and ultimately embezzled the money. After initially paying some interest due on the first transfer, Sekerbank declined to make further payments.

Byblos commenced attachment proceedings and actions for breach of the loan agreements in Belgium, Turkey and Germany, countries where it believed Sekerbank held assets. In 1992, the Turkish court of first instance entered judgment dismissing the action on the merits, and that judgment was upheld on appeal in 1994. Thereafter, Sekerbank sought recognition of the Turkish judgment dismissing Byblos's claims in the German and Belgian proceedings. In March 1996, the German court of first instance granted Sekerbank's application for recognition of the Turkish judgment, and that judgment was affirmed on appeal the following year.

In August 1996, the Belgian court of first instance (the Tribunal de Commerce de Bruxelles) concluded that Byblos's claims were barred by res judicata and dismissed the complaint. However, on Byblos's appeal, in October 2003, the intermediate appellate court (the Cour d'Appel de Bruxelles) reversed the judgment of the Tribunal de Commerce de Bruxelles and declined to accord the Turkish judgment res judicata effect, relying on a now-repealed section of the Belgian Judicial Code which required merits review of foreign judgments before recognizing them. The Cour d'Appel concluded that the Turkish

judgment was "affected by substantial error" and, upon its own review of the facts, ruled in Byblos's favor on the merits and entered judgment awarding Byblos $5 million, plus interest. The Belgian high court (the Cour de Cassation de Belgique) denied Sekerbank's petition for "cancellation" of the judgment in September 2005.

Byblos then sought to enforce the Belgian judgment in New York based on its belief that Sekerbank had assets in this state. In March 2006, Byblos moved ex parte for an order of attachment pursuant to CPLR 6201 (5) seeking to attach up to $12,140,518.32 of Sekerbank's assets, the principal and accumulated interest of the Belgian judgment as of January 2006. Supreme Court issued the attachment order and directed Byblos to move to confirm the attachment within five days after the levy. Byblos also commenced an action for summary judgment in lieu of complaint pursuant to CPLR 3213 seeking recognition and enforcement of the judgment.

Byblos timely moved for an order confirming the attachment (*see* CPLR 6211 [b]), arguing that it was probable that it would succeed on the merits of its cause of action because the Belgian judgment was entitled to recognition under CPLR article 53 pursuant to the "last-in-time" rule, i.e., among conflicting sister *state* judgments, the last judgment rendered generally prevails. Sekerbank cross-moved to vacate the attachment (*see* CPLR 6223). It asserted, among other things, that Supreme Court should exercise its discretion under CPLR 5304 (b) (5) to deny recognition of the Belgian judgment because it conflicted with the prior Turkish judgment. Sekerbank also argued that the last-in-time rule need not be applied in the context of conflicting foreign country judgments.

Supreme Court denied Byblos's motion to confirm the attachment and granted Sekerbank's cross motion. After concluding that it was not required to recognize the Belgian judgment pursuant to the last-in-time rule, the court, in the exercise of its discretion under CPLR 5304 (b) (5), declined to recognize the judgment because it conflicted with the earlier Turkish judgment.

The Appellate Division modified to the extent of dismissing the CPLR 3213 complaint and otherwise affirmed. The court rejected Byblos's primary contention that application of the last-in-time rule was required, concluding that the rule "lacks

any justification where, as here, the foreign country court that rendered the last judgment [did] not give the party against whom enforcement is sought any kind of opportunity to argue the binding effect of the earlier judgment" (40 AD3d 497, 499 [1st Dept 2007]). The court further held that Sekerbank established its entitlement to nonenforcement of the Belgian judgment under CPLR 5304 (b) "by showing that the . . . judgment was issued in contravention of the principles of comity pursuant to a statute that has since been repealed and superseded by a statute directly to the contrary" (*id.*).

We granted Byblos leave to appeal and now affirm.

As we recently reiterated, "New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts" (*Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78, 82 [2006], quoting *CIBC Mellon Trust Co. v Mora Hotel Corp.*, 100 NY2d 215, 221 [2003]). New York courts have historically recognized foreign country judgments "under the doctrine of comity . . . [a]bsent some showing of fraud in the procurement of the foreign country judgment or that recognition of the judgment would do violence to some strong public policy of this State" (*id.* [internal quotation marks and citation omitted]). The doctrine of comity "refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states" (*Societe Nationale Industrielle Aerospatiale v United States Dist. Court for Southern Dist. of Iowa*, 482 US 522, 543 n 27 [1987]; *see also Hilton v Guyot*, 159 US 113, 163-164 [1895] [" 'Comity,' in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws"]).

Our State's recognition of foreign judgments is governed by CPLR article 53, the Uniform Foreign Country Money-Judgments Recognition Act, which was enacted in 1970 "to codify and clarify existing case law on the subject and, more importantly, to promote the efficient enforcement of New York judgments abroad by assuring foreign jurisdictions that their judgments would receive streamlined enforcement here" (*CIBC Mellon Trust*, 100 NY2d at 221). This statute "applies to any

foreign country judgment which is final, conclusive and enforceable where rendered" (CPLR 5302). CPLR 5304 (a), however, makes clear that a foreign judgment is "not conclusive," and thus not entitled to recognition, where the foreign country fails to provide impartial tribunals or due process or where the tribunal lacked personal jurisdiction over the defendant. CPLR 5304 (b) contains the discretionary grounds for refusing foreign court judgment recognition. As relevant here, CPLR 5304 (b) (5) states that "[a] foreign country judgment need not be recognized if . . . the judgment conflicts with another final and conclusive judgment."

Here, the Belgian court judgment which Byblos seeks to enforce conflicts with an earlier Turkish judgment in Sekerbank's favor, and a German judgment granting that judgment reciprocity. Under CPLR 5304 (b) (5), New York courts may in the exercise of discretion refuse to enforce a foreign judgment that "conflicts with another final and conclusive judgment." It should be noted, however, that the statute does not specify which, if any, of the two conflicting foreign judgments is entitled to recognition. Rather, under CPLR 5304 (b) (5), the court may recognize the earlier judgment, the later judgment or neither of them. The last-in-time rule, applicable in resolving conflicting sister state judgments under the Full Faith and Credit Clause of the Constitution (see *Treinies v Sunshine Mining Co.*, 308 US 66, 76-78 [1939]; *Chenu v Board of Trustees of Police Pension Fund of City of N.Y.*, 12 AD2d 422 [1961], *affd* 11 NY2d 688 [1962], *cert denied* 370 US 910 [1962]), need not be mechanically applied when inconsistent foreign country judgments exist. Rigid application of the rule would conflict with the plain language of CPLR 5304 (b) (5) vesting New York courts with discretion to decide whether a foreign judgment that conflicts with another judgment is entitled to recognition.

Specifically, the last-in-time rule should not be applied where, as here, the last-in-time court departed from normal res judicata principles by permitting a party to relitigate the merits of an earlier judgment. In the present case, the Belgian court declined to accord recognition to an earlier Turkish judgment that had been previously recognized by a German court and in so doing departed from generally-accepted principles of res judicata and comity. Thus, Supreme Court properly exercised its discretion under CPLR 5304 (b) (5) to deny recognition of the Belgian

judgment, which disregarded—and conflicted with—a previously rendered Turkish judgment.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.